## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **SAHILY YAITZA JORGE AGUAYO**, <br> *Plaintiff,* <br> *v.* <br> **RAFAEL A. PINA NIEVES**, in his capacity as Owner; <br> **HÉCTOR SAMUEL GONZÁLEZ**, in his personal capacity as Captain and Operator; <br> **XYZ INSURANCE COMPANY**, <br> *Defendants.* | CIVIL NO. 3:26-cv-1197 <br><br> *Demand for Jury Trial* |

# COMPLAINT FOR DAMAGES
*(Jury Trial Demanded – Maritime Law under Saving to Suitors Clause)*

## <u>COMPLAINT</u>

**TO THE HONORABLE COURT:**

This case arises from a preventable and devastating injury of a *guest* aboard a luxury *yacht* during a routine docking maneuver in the waters of Puerto Rico—an injury that was not only caused by *unsafe conditions* and *negligent operation* of the vessel but compounded by the captain's conscious decision to *ignore* an ongoing medical emergency. On **April 8, 2025**, Plaintiff *Sahily Yaitza Jorge Aguayo* stood aboard the *Schaefer 770* at Marina Puerto del Rey as the vessel executed docking maneuvers under diminished visibility. Without warning, *a lateral hatch abruptly slammed shut, crushing her right middle finger between two rigid structures*. What followed was not emergency response—but *indifference*. Despite witnessing the traumatic injury and profuse bleeding, the *captain continued docking operations for approximately 20 to 30 minutes, failed to call 911, failed to alert marina personnel,*

*and failed to provide basic medical assistance*. By the time Plaintiff reached medical care, the delay and severity of the injury had culminated in a ***traumatic surgical amputation***. This action seeks to hold *all* the Defendants accountable under federal maritime law and Puerto Rico law for conduct that was not only *negligent*, but reckless, *foreseeable*, and entirely avoidable. A vessel owner/operator owes a duty of reasonable care under the circumstances to all persons lawfully aboard the vessel. See *Kermarec v. Compagnie Générale Transatlantique*, 358 U.S. 625 (1959).

The plaintiff was a lawful *passenger* aboard the vessel whom defendants owed a duty of reasonable care under these circumstances. Defendants had a duty to safely operate the vessel, keep the equipment including the lateral hatch in safe condition, warn plaintiff of a non-obvious danger (a faulty lateral hatch) and had the affirmative duty to act in the emergency. Defendants unlawful conduct goes *beyond* ordinary negligence: Unsafe operation of the vessel while engaging in active docking with an unsecure/defective hatch; no warning as to malfunction/defective hatch; and failed to immediately render aid (no call to 911, no radio call, continued docking 20-30 minutes). Plaintiff seeks just compensation for her damages, which include severe personal injuries (*traumatic amputation of tip of right middle finger*), a permanent anatomical loss, as well as her pain and suffering resulting from the mental anguish of her injury caused by Defendants' negligent operation of the vessel and their reckless failure to provide timely medical care following known onboard emergency.

2

## I. NATURE OF THE ACTION

1.      This is a civil action for damages arising from a traumatic and preventable injury sustained aboard a vessel operating in the navigable waters of Puerto Rico. Plaintiff brings this action pursuant to the Court's maritime jurisdiction under **28 U.S.C. § 1333**, invoking the **saving to suitors clause**, and seeks a *trial by jury* on all issues so triable.

2.      Plaintiff seeks *compensatory* and *punitive* damages for severe personal injuries, including permanent anatomical loss (*traumatic amputation of right middle finger*), caused by Defendants' gross negligent operation of vessel and their reckless failure to provide timely medical care following a known onboard emergency.

## II. JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to **28 U.S.C. §1333**, as this action arises under general maritime law. Plaintiff invokes the **saving to suitors clause**, preserving her right to pursue common law remedies, including a jury trial. This Court has supplemental jurisdiction over her Puerto Rico law claims pursuant to **28 U.S.C. §1367**. Venue is proper in this District pursuant to **28 U.S.C. §1391**, as the events giving rise to this action occurred in Puerto Rico and Defendants reside and/or conduct business in this District.

## III. PARTIES

4.     Plaintiff **Sahily Yaitza Jorge Aguayo** is a resident of Puerto Rico and was a lawful passenger aboard the vessel at all relevant times.

5.     Defendant **Héctor Samuel González** is an adult resident of Puerto Rico and served as *captain and operator of the vessel* at the time of the incident.

6.     Defendant **Rafael A. Pina Nieves** aka "Raphy Pina" is, upon information and belief, the *owner and/or beneficial owner* of vessel **Schaefer 770**, and is responsible for its maintenance, safety, and operation. Based on information and belief this codefendant purchased this 80-foot luxury yacht which is valued at $6,000,000.00 and personalized with the name "*Pinarasi*", frequently displaying the vessel on social media to show music industry celebrities and lavish onboard parties.

7.     Defendant **XYZ Insurance Company** is the liability insurer for Defendants and is sued pursuant to the Puerto Rico Direct Action Statute.

## IV. STATEMENT OF FACTS

8.     On **April 8, 2025**, at approximately 6:55 p.m., Plaintiff was lawfully aboard the vessel **Schaefer 770** commonly known as "*Pinarasi*" during docking maneuvers at Marina Puerto del Rey in Fajardo, Puerto Rico.

9.     At the time of the incident, the vessel was engaged in active docking operations and experiencing lateral movement and oscillation.

10.    Environmental conditions included diminished visibility due to dusk, requiring heightened safety precautions.

11.    Plaintiff positioned herself near the aft lateral portion of the vessel to maintain stability due to the vessel's motion.

12.    Plaintiff placed her right hand on the vessel's side structure near a movable lateral hatch.

13.    The hatch was not properly secured, stabilized, or controlled.

14.    Without warning, the lateral hatch abruptly and forcefully closed, trapping Plaintiff's right middle finger between two rigid structural components.

15.    The crushing force caused immediate severe trauma, intense pain, and profuse bleeding.

16.    Defendant **Héctor Samuel González**, acting as *captain*, observed the incident and Plaintiff's condition. Despite actual knowledge of a traumatic injury, Defendant failed to suspend vessel operations and continued docking maneuvers for approximately **20 to 30 minutes**.

17.    During this time:

a. No emergency protocol was activated;

b. No call to 911 was made;

c. No radio communication was made to marina personnel;

d. No adequate first aid was provided.

18.    Plaintiff, while actively bleeding, was forced to obtain a cloth from inside the vessel to attempt to control the bleeding.

19.    Only after docking was completed did Defendants transport Plaintiff by private vehicle to a medical facility.

20.    Plaintiff arrived at *Centro Médico del Noreste in Fajardo* at approx. 7:56 p.m. and plaintiff required transfer to *Centro Médico* in San Juan for specialized care the following day.

21.    There, Plaintiff was immediately diagnosed with a ***complete traumatic metacarpophalangeal amputation*** of the middle right finger.

22.    On April 10, 2025, Plaintiff underwent surgery resulting in a **traumatic distal-tip amputation of the right middle finger with exposed bone**.

23.    The delay in immediate medical treatment while aboard the vessel had exacerbated Plaintiff's injuries and contributed to the severity of the outcome.

24.    Defendants' conduct was foreseeable, preventable, and the direct and proximate cause of Plaintiff's injuries. At all relevant times, the hazard that caused Plaintiff's injury was neither open nor obvious under the circumstances. *The vessel was actively engaged in docking maneuvers, producing continuous movement, lateral oscillation, and shifting balance conditions that required passengers to stabilize themselves using available structures.* Visibility was diminished due to dusk, and the faulty lateral hatch (either unsecure and/or defective) mechanism—its range of motion, force of closure, and associated pinch-point risk—was not marked, secured, or accompanied by any warning, instruction, or verbal command from the

captain or crew. Under these dynamic conditions, a reasonable passenger would not have appreciated the imminent risk of sudden hatch closure and/or the danger posed by placing a hand near the area. Moreover, Defendants retained superior knowledge of vessel's operation and the foreseeable risk of compression injury during docking maneuvers, yet failed to warn, restrict access, or ensure that the hatch was secured. Accordingly, any assertion that the danger was open and obvious is without merit and does not relieve Defendants of their duty to exercise reasonable care under the circumstances.

## V. CAUSES OF ACTION

### COUNT I – MARITIME NEGLIGENCE

25.    Plaintiff incorporates the preceding paragraphs.

26.    Defendants owed the Plaintiff a duty of reasonable care under the circumstances. Defendants breached that duty by:

　　　　a. Failing to maintain the vessel in a safe condition;

　　　　b. Failing to secure or properly operate the hatch;

　　　　c. Failing to warn Plaintiff of hazards;

　　　　d. Negligently operating the vessel during docking;

　　　　e. Exposing Plaintiff to a foreseeable risk of harm.

27.    These breaches directly and proximately caused Plaintiff's injuries.

### COUNT II – FAILURE TO RENDER AID (MARITIME LAW)

28.    Plaintiff incorporates the preceding paragraphs.

7

29. Defendants owed a duty to provide prompt and adequate medical assistance. Defendants breached that duty by:

  a. Failing to call emergency services;

  b. Failing to notify marina personnel;

  c. Failing to stop vessel operations;

  d. Delaying medical care despite obvious injury.

30. This delay exacerbated Plaintiff's injuries and contributed to the amputation.

## COUNT III – GROSS NEGLIGENCE / RECKLESS DISREGARD

31. Plaintiff incorporates the preceding paragraphs.

32. Defendants' conduct constituted gross negligence and reckless disregard for safety. Defendants:

  a. Observed a traumatic injury;

  b. Continued operations despite active bleeding;

  c. Ignored obvious distress;

  d. Failed to summon emergency assistance.

33. Such conduct warrants the imposition of punitive damages under maritime law.

## COUNT IV – NEGLIGENCE UNDER PUERTO RICO LAW

34. Plaintiff incorporates the preceding paragraphs.

35. Defendants are liable under *Article 1536* of the Puerto Rico Civil Code.

36. Their negligent acts and omissions caused Plaintiff's damages.

## VI. DAMAGES

37.   Plaintiff has suffered:

- Permanent anatomical loss;
- Permanent functional impairment;
- Severe pain and suffering;
- Emotional distress including pain and suffering;
- Medical expenses (past and future);
- Loss of earning capacity;
- Loss of enjoyment of life;
- Disfigurement.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

A. Compensatory damages in an amount of **$1,000,000.00** or an amount to be determined at trial;

B. Punitive damages as result of defendants' gross negligence, in the amount to be determined at trial;

C. Pre- and post-judgment interest;

D. Costs and attorney's fees;

E. Any other relief deemed just and proper.

## VIII. JURY DEMAND

Plaintiff hereby demands a *trial by jury* on all issues so triable.

In San Juan, Puerto Rico, on this 1st. Day of April 2026.

Respectfully submitted,

| | |
|---|---|
| /S/ Winston Vidal-Gambaro | /S/ Humberto Cobo-Estrella |
| Winston Vidal-Gambaro | Humberto Cobo-Estrella, Esq. |
| **USDC-PR 130401** | **USDC-PR230108** |
| PO Box 193673 | PO Box 366451 |
| San Juan, Puerto Rico 00919-3673 | San Juan, Puerto Rico 00936-6451 |
| Tel. (787) 751-286 | Tel. (787) 529-7140 |
| Email: wvidal@prtc.net | Email: hcobo@hcounsel.com |

## <u>CERTIFICATE OF SERVICE</u>

We hereby certify that a copy of foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system.  We further certify that a copy of the foregoing pleading will be served by U.S. mail and/or in person upon all parties for whom counsel has not yet entered an appearance electronically.

/S/ Humberto Cobo-Estrella, Esq.
*Attorney for the Plaintiff*

10